No. 2295.—G. W. DUNKLIN v. HORRELL, GAYLE & Co.

A resident of Missouri during the late war between the United States and the so-called Confederate States, while Confederate notes were the only circulating medium in New Orleans, shipped and consigned to merchants in the latter place a lot of corn to be sold. The corn was sold for Confederate money and advices given to the owner with return of sales, and the Confederate notes which had been received were forwarded in kind; but on account of military operations they failed to reach the plaintiff, who resided in Missouri. On receiving notice of the result the consignor objected to the mode of transmission by the agent in New Orleans, but made no objection as to the sale for Confed-. erate money. Held—That having made special objection to the mode of transmission and not having made any as to the consideration or currency received for the price of the corn sold, he must be considered as having ratified the sale and receipt of that kind of currency, and that he can not now recover on the account of sales.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Randolph, Singleton & Browne*, for plaintiff and appellee. *J. Ad. Rozier*, for defendants and appellants.

HOWELL, J. Plaintiff, a resident of Missouri, sues on an account of sales of a lot of corn rendered by defendants on twenty-first February, 1862.

One ground of defense is, that at the time said corn was shipped the plaintiff knew that it could be sold only for Confederate treasury notes, which were then the only currency in circulation in this city; that the corn was sold for said currency and according to plaintiff's instructions, received with the consignment; a part of the proceeds was invested in a bag of coffee and a bale of osnaburgs, and the balance put up in a package, was forwarded with said goods to the care of J. D. Morton & Co., Memphis, Tennessee, to be forwarded by them to care of J. K. Robbins, New Madrid, Missouri, for plaintiff, which could not be done, as military operations prevented.

The proof is that the corn was received by defendants with a letter from plaintiff, dated February 14, 1862, which directed them to make the purchase, as above stated, and forward the same with the balance of proceeds to care of J. K. Robbins, New Madrid, Missouri; that after waiting five or six days in vain to ship to New Madrid, defendants shipped the package of Confederate notes and the two parcels of goods, marked for plaintiff, to J. D. Morton & Co., Memphis, Tennessee, with instructions to be forwarded to plaintiff; that Morton & Co., being unable to forward them, used the goods and deposited the package of Confederate notes with an agent, who still has it and who, in 1863, notified plaintiff of the fact, and that about the same time defendants wrote to plaintiff, informing him of the sale for Confederate currency and the disposition they had made of the proceeds and goods, and that plaintiff replied to this letter, complaining of the mode in which the shipment had been made as not in conformity to his instructions, and declaring his intention to hold the defendants responsible, but did not object to the currency for which his corn had been sold.

Under these circumstances we are of opinion that he must have expected his property would be sold for the currency prevailing at the time in this market, and that when he was expressly informed that it was so sold, he did not repudiate the sale, but simply objected to the mode of transmission as not in accordance with his instructions, and that he has thereby ratified the sale and can not recover (see 22 An. 490) except for the amount invested in the goods ordered by him, for which defendants are liable, as their agents have made it impossible for them to be delivered. The amount is $29 36.

It is therefore ordered that the judgment appealed from be reduced from $798 78 to $29 36, with legal interest from twenty-first February, 1862, and costs of the lower court, and as thus amended it be affirmed; plaintiff and appellee to pay costs of appeal.